IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cv-736 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TWO HUNDRED EIGHTY-FOUR THOUSAND NINE HUNDRED FORTY-TWO AND 00/100 DOLLARS ($284,942.00) IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING UNITED STATES' MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDING (Doc. 23)**

This case is before the Court on the United States' Motion for a Stay of this Civil Forfeiture Proceeding (Doc. 23) pursuant to 18 U.S.C. § 981(g)(1). Claimant Jerry J. Miller has filed a Response in Opposition (Doc. 24), to which the Government has filed a Reply (Doc. 25), making this matter ripe for the Court's review.

**FACTS**

On April 6, 2019, Miller was pulled over for speeding by an Ohio State Highway Patrol (OSHP) Trooper in Wilmington, Ohio. The details of the traffic stop are discussed in more detail in the Court's previous Order Denying Claimant's Motion to Dismiss (Doc. 20). Miller was ultimately cited for speeding and a minor misdemeanor marijuana drug possession. But more importantly, as a result of the traffic stop, the

OSHP seized $284,942.00 of United States currency (hereinafter, the "currency") that it suspected was related to a criminal enterprise. The DEA adopted the seizure of the currency and, in September 2019, the United States initiated the present action, seeking the *in rem* forfeiture of said currency. (Doc. 1.) The United States alleges that the currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. Miller filed a subsequent Verified Claim in which he asserted an interest in the currency. (Doc. 2.)

In July 2020, a grand jury in the Northern District of Ohio returned an Indictment charging Miller in Count 1 for conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; in Counts 2 and 3 for attempted possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846; in Counts 4 through 6 for aiding and abetting interstate travel in aid of racketeering, in violation of 18 U.S.C. §§ 1952(a)(3) and 2; and in Counts 7 and 8 for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). *See United States v. Miller*, Case No. 1:20-cr-353. (N.D. Ohio).

On October 27, 2020, the Government filed the present Motion (Doc. 23), requesting that this civil forfeiture proceeding be stayed pending resolution of the related criminal case.

## LAW

The procedure by which a stay may be obtained in a civil forfeiture proceeding is contained in 18 U.S.C. § 981(g). Relevant here, section 981(g)(1) authorizes the court to stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct . . . the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). The statute defines "related criminal case" to mean "an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 981(g)(4). The statute further provides that, "[i]n determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." Id.

When requesting a stay under section 981(g)(1), "the government must make an actual showing regarding the anticipated adverse [e]ffect that civil discovery will have on the criminal investigation." *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency*, 604 F. Supp. 2d 978, 982 (E.D. Mich. 2009) (*quoting United States v. GAF Financial Servs., Inc.*, 335 F.Supp.2d 1371, 1373 (S.D.Fla.2004)). As to the relatedness of the criminal and civil cases, "neither the parties nor the facts in the civil and criminal case need to be identical for the two cases to be considered related." Id. (*citing United States v. All Funds Deposited in Account No. 200008524845*, 162 F.Supp.2d 1325, 1329–30 (D.Wyo.2001)).

## ANALYSIS

The United States seeks to stay this case pending resolution of the related criminal case still in progress in the Northern District of Ohio. *See United States v. Miller*, Case No. 1:20-cr-353 (N.D. Ohio). As discussed above, it is undisputed that Miller is being charged in that case with various controlled substance violations. The Government is therefore entitled to a stay of the present civil forfeiture case under 18 U.S.C. § 981(g) so long as it can demonstrate that (1) the two cases are related and (2) civil discovery will adversely affect the ability of the Government to prosecute the related criminal case.

First, the Court concludes that the Government has sufficiently shown that the two cases are "related" under U.S.C. § 981(g)(4). The Government represents that both "cases arise out of the same facts and circumstances and involve the same federal law enforcement officers." (Doc. 23.) As such, the Government argues that "the high degree of similarity between the parties, facts, prospective witnesses, and circumstances involved in the ongoing criminal case and this civil forfeiture proceeding demonstrates that they are related." (*Id.*) Although Miller opposes the Government' request for a stay (Doc. 24), he does not dispute that the two cases are related. Accordingly, the Court finds that the pending civil forfeiture case is related to the ongoing criminal case.

Second, the Court finds that a stay is warranted since civil discovery in this case will adversely affect the prosecution of the related criminal case. In making such a determination, courts have held that "[w]here civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would

otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *United States v. All Funds on Deposit in Suntrust Account No. 8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (*quoting United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)). Such concerns are present here. For example, the Government contends that Miller could "seek the identity and depositions of the prosecution's witnesses, including case agents, and [] obtain investigative material not permitted under Fed. R. Crim. P. 16, as well as *Jencks* material prior to the deadline for providing such discovery in the criminal case." (Doc. 25.) In other words, Miller could use the present civil case as a "back door" method to obtain broad discovery and circumvent the narrow criminal discovery rules provided for in Fed. R. Crim. P. 16 and 18 U.S.C. § 3500. *See, e.g., United States v. Contents of Nationwide Life Ins. Annuity Account*, 2007 WL 682530, at *1 (S.D. Ohio Mar. 1, 2007) (Spiegel, J.). Miller does not dispute any of these contentions and fails to mention what he thinks the likely effects of civil discovery would be on the related criminal case. Accordingly, the Court finds that the Government has made an "actual showing" of how civil discovery will adversely affect its prosecution of the related criminal case.

Moreover, the Court finds that the arguments raised in Miller's Response in Opposition (Doc. 24) are not well-taken. Rather than argue why the Government's request for a stay should be denied, Miller attempts to relitigate the issue of whether the DEA rightfully adopted the seizure of the currency from the OSHP. Miller's arguments are in no way relevant to the legal standard for granting a stay. *See* 18 U.S.C. § 981(g). And, in any event, the Court has already concluded that the DEA's adoption of the

5

seizure was proper. (Doc. 20 at p. 7-9.)

In sum, the Court concludes (1) the present civil forfeiture case is related to the criminal case still pending in the Northern District of Ohio, and (2) civil discovery will adversely affect the prosecution of that case.

## CONCLUSION

For the reasons above, the United States' Motion for Stay (Doc. 23) is **GRANTED**. The Court hereby **STAYS** the entirety of the above-captioned civil forfeiture proceeding until the conclusion of the prosecution of the related criminal case. The United States is **DIRECTED** to file a notice with this Court within fourteen (14) days of the resolution of the related criminal case.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: __/s/ Matthew W. McFarland__
JUDGE MATTHEW W. McFARLAND